OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Office of Disciplinary Counsel et al. v. Nasrallah.
[Cite as Disciplinary Counsel v. Nasrallah (1993),      Ohio
St.3d     .]
Attorneys at law -- Misconduct -- Two-year suspension suspended
     on conditions -- Neglecting an entrusted legal matter --
     Failing to carry out an employment contract.
     (No. 93-871 -- Submitted June 15, 1993 -- Decided
September 8, 1993.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 91-50.
     In a complaint filed on December 10, 1991, and an amended
complaint filed on March 10, 1992, the Disciplinary Counsel and
the Dayton Bar Association, relators, charged respondent, Fuad
B. Nasrallah of Dayton, Ohio, Attorney Registration No.
0023893, with twenty violations of both DR 6-101(A)(3)
(neglecting an entrusted legal matter) and 7-101(A)(2) (failing
to carry out an employment contract).
     The matter was heard by a panel of the Board of
Commissioners on Grievances of the Supreme Court on February
26, 1993.  In stipulations filed by the parties for
consideration by the panel, respondent admitted that he had
violated DR 6-101(A)(3) as to eighteen of the counts.  Two of
the counts were withdrawn.
     Respondent, originally from Lebanon, successfully practiced
immigration law in Dayton.  He also opened a branch office in
Columbus.  However, he encountered tax problems with the
Internal Revenue Service and alimony and child support problems
with his ex-wife.
     Respondent decided to move his new wife and his mother to
Beirut, Lebanon, and then return to Dayton to confront his
problems.  Consequently, without informing his business
associates or clients, he departed for Beirut on July 17, 1991.
     Just after respondent's arrival in Beirut, he suffered
acute depression and nervous tension.  His doctor prescribed
complete bed rest, silence, and removal from stress.  Then on
August 9, approximately three weeks after respondent had left
the United States, the Dayton Daily News reported that
respondent had absconded and left people in the lurch in

Dayton.  Respondent, who was still in Beirut, was devastated by the story.

On August 14, respondent contracted typhoid fever and received treatment for this disease until September 15.  While respondent was recovering from this fever, he was arrested by machine gun-toting police after his ex-wife, who had followed him to Beirut, filed a lawsuit for alimony and child support arrearage.  He was released after six hours in jail when he established that he had, in fact, paid her the alimony and child support amounts.

According to the stipulations, respondent agreed to represent the eighteen clients who filed complaints with the Disciplinary Counsel in various immigration actions.  He received retainers and fees for such representation.  Respondent, however, failed to complete these employment agreements because of his absence.  Furthermore, he failed to arrange for these clients to be represented in his absence.  As respondent testified on cross-examination, his leaving without any notice or alternative representation left his clients, who evidently have genuine concerns about remaining in this country, in difficult situations.

Nevertheless, through the efforts of the Disciplinary Counsel, respondent's practice has been serviced by an attorney from Cincinnati.  Respondent is just now returning to his practice in Dayton after having lived for a time with his wife and their new child in Canada.

The parties submitted a "recommended sanction and restitution" to the panel, stating that respondent should be suspended from the practice of law for two years with the full period of suspension stayed if respondent:

(1) makes restitution to each complainant in the amount set forth in the stipulations, designated Joint Exhibit I, within the first year of probation;

(2) makes full restitution to the Client's Security Fund prior to the expiration of the two-year probationary period for any and all other payments duly and properly paid from such fund as the result of respondent's activities prior to the date of the stipulations; and

(3) serves the remainder of the two-year suspension if he fails to comply with the terms of probation as provided in the stipulations.

The panel found that respondent had violated DR 6-101(A)(3) and 7-101(A)(2), and adopted the recommended sanction and restitution.  The panel also recommended that Disciplinary Counsel:

(1) supervise the term and conditions of probation;

(2) maintain the probation file;

(3) appoint, in any manner it considers appropriate, a monitoring attorney who is admitted to the practice of law in Ohio, in good standing, and not a member of a certified grievance committee or counsel for the relator, and select a replacement monitoring attorney, if necessary;

(4) receive reports from the monitoring attorney; and

(5) investigate reports of probation violations.

The board adopted the findings of fact and conclusions of law of the panel and recommended that respondent be suspended for two years from the practice of law in Ohio with the full

period of suspension being stayed, provided respondent meets the probationary conditions consistent with the panel's findings and conclusions.

J. Warren Bettis, Disciplinary Counsel, and Diana L. Chesley, Assistant Disciplinary Counsel, for relator.
Leppla Associates and Gary J. Leppla, for respondent.

Per Curiam.  We agree with the board's findings of fact, conclusions of law, and recommendation.  Accordingly, we suspend respondent from the practice of law for two years, with the suspension stayed upon the conditions set forth in the stipulations and recommended sanction and restitution, and upon the further conditions recommended by the panel.  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.
Wright, J., dissents in part because he would suspend only eighteen months of the two-year suspension.